UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LANCE P MCDERMOTT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PATRICK R DONAHUE, Postmaster General, United States Postal Service<br><br>　　　　Defendant. | CASE NO. 2:11-CV-00311-MJP<br><br>ORDER DENYING TEMPORARY RESTRAINING ORDER |

　　　　This comes before the Court on Plaintiff's motion for a temporary restraining order. (Dkt. No. 2). Having reviewed the motion, the complaint (Dkt. No. 1) and all related filings, the Court DENIES Plaintiff's motion for a temporary restraining order ("TRO").

**Background**

　　　　Plaintiff Lance P. McDermott ("McDermott") is a pro se litigant suing Defendant Patrick R. Donahue, the Postmaster General of the United States Postal Service ("USPS"). McDermott believes his fellow USPS employees' due process rights are being violated by USPS officials. Specifically, McDermott alleges USPS's on-going investigation of statements made by Brenda

1  Burk ("Burk"), another USPS employee, violates Burk's due process rights. (Compl. ¶ 3.) Burk

2  is a member of the American Postal Workers Union ("APWU") and McDermott is a

3  maintenance steward. (Id.)

4       As stated in the complaint, McDermott is assisting Burk as USPS investigates Burk's

5  statements during a February 8, 2011 meeting in which she was effectively discharged. (Id. at

6  6.) During the February 8, 2011 meeting, USPS officials informed Burk that a committee

7  implementing the National Reassignment Program for Limited and Light Duty Employees

8  ("NRP") had determined that there was no more light duty work available for her. Burk is a

9  disabled veteran who had been given a light duty work assignment since her work-related injury

10 two years ago. (Id.) McDermott was also present at the meeting. Upon learning she would be

11 discharged, McDermott alleges Burk was "almost in tears and said – 'I understand now what

12 makes employees go postal.'" (Id. at 5.)

13      USPS Inspectors contacted McDermott about Burk's statement after the February 8, 2011

14 meeting. (Id. at 5.) They told McDermott that they were conducting an administrative

15 investigation but anything criminal in nature would be prosecuted. (Id. at 7.) As her union

16 steward, McDermott accompanied Burk to meetings with the USPS inspectors. (Id.) A second

17 investigation interview with Burk is scheduled for February 23, 2011 at 10:00 a.m. (Id. at 9.)

18 While McDermott is requesting a TRO to prevent USPS from conducting the investigation,

19 ultimately, McDermott's complaint seeks a declaratory judgment as to the constitutionality of the

20 NRP and appears to suggest the case will eventually be brought as a class action.

21 \\

22 \\

23 \\

24

h

h

**Analysis**

A.  <u>Standing</u>

Standing is "an essential and un-changing part of the case-or-controversy requirement of Article III [of the U.S. Constitution]." <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992). Federal courts have "both the power and the duty to raise the adequacy of standing sua sponte." <u>D'Lol v. Best Western Encina Lodge & Suites</u>, 538 F.3d 1031, 1035 (9th Cir. 2008). Standing requires a plaintiff to show (1) injury-in-fact (an actual or imminent harm that is concrete and particularized), (2) causation, and (3) redressability. <u>Lujan</u>, 504 U.S. at 560. Injury-in-fact requires a showing that plaintiff has suffered actual loss, damage or injury, or is threatened with impairment of his or her own interests. <u>Gladstone Realtors v. Village of Bellwood</u>, 441 US. 91, 100 (1979). Causation requires the injury to be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." <u>Lujan</u>, 504 U.S. at 560 (quotation omitted). Redressability requires the injury to be likely redressed by favorable decision. <u>Lujan</u>, 504 U.S. at 560-561.

Here, McDermott lacks standing because he has not shown he has suffered an injury-in-fact. McDermott is a union steward who believes another USPS employee's, Burk's, due process rights are being violated and seems to suggest the NRP program is unlawful. While a union may sometimes sue on behalf of its members when the union meets associational standing requirements, McDermott is seeking to assert another person's rights, not the APWU. As an individual, McDermott cannot sue to assert the rights of third persons. <u>Compare</u> <u>Tileston v. Ullman</u>, 318 U.S. 44, 46 (1943)(holding a physician cannot litigate constitutional issues on behalf of his patients) <u>with</u> <u>Int'l Bro. of Elec. Workers, AFL-CIO Local 1245 v. Citizens</u>, 549 F.3d 781, 789 (9th Cir. 2008)(recognizing unions may sue on behalf of their members).

The rationale for standing requirements is that a plaintiff must have a sufficient stake in the outcome of the suit to make it a real "case or controversy." Gladstone Realtors, 441 U.S. 91, 100 (1979). The wisdom of this rationale is particularly relevant in the instant case. The Court observes Burk, the person whose due process rights are allegedly being violated (1) has not filed suit herself and (2) did not follow Plaintiff's advice with respect to participating in the administrative investigation. (See Compl. at 8.) This suggests McDermott is not in agreement with the union member whose due process rights he seeks to protect. Since McDermott makes no claim of any injury or threat of damage to himself by either USPS's investigation of Burk or NRP, the Court finds McDermott lacks standing and is unlikely to be successful on the merits.

## Conclusion

The Court DENIES McDermott's motion for a TRO because McDermott lacks standing. The clerk is ordered to provide copies of this order to all counsel.

Dated this 23rd day of February, 2011.

Marsha J. Pechman
United States District Judge