1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LANCE P. MCDERMOTT,

Plaintiff,

v.

PATRICK R. DONAHUE, et. al.,

Defendant.

CASE NO. C11-0311-MJP

ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS

This comes before the Court on Defendants' motion to dismiss Plaintiff's claims against the United States Postal Service, Postmaster General Patrick R. Donahue, and Inspector Mitchel Vanicek and Defendants' motion to stay discovery.  (Dkt. Nos. 11, 15).  Having reviewed the motions (Dkt. Nos. 11, 15), the responses (Dkt. Nos. 12, 17), the reply (Dkt. No. 14) and all related filings, the Court GRANTS Defendants' motion to dismiss.  Defendants' motion to stay discovery is therefore moot.

**Background**

Plaintiff Lance P. McDermott is a pro se litigant suing Defendants United States Postal Service ("USPS"), Patrick R. Donahue, the Postmaster General of USPS, and Postal Inspector Mitchel Vanicek ("Vanicek").  Plaintiff believes USPS officials violated his due process rights.

(Am. Compl. at 4.)  When he was barred from representing a fellow USPS employee, Brenda Burke ("Burke"), in meetings with USPS, Burke was being investigated for potentially threatening statements she made when she was effectively discharged.  (<u>Id.</u> at 6-7.)  Burke is a member of the American Postal Workers Union ("APWU") and Plaintiff is a maintenance steward.  (<u>Id.</u>, Ex. 1 at 1.)

Specifically, on February 8, 2011, USPS informed Burke that a committee implementing the National Reassignment Program for Limited and Light Duty Employees ("NRP") had determined that there was no more light duty work available and discharged her to the Department of Labor's Occupational Workers Compensation Program.  (<u>Id.</u> at 1-2.)  Burke had been given a light duty work assignment since her work-related injury two years ago.  (<u>Id.</u> at 2.)  Plaintiff was also present at the initial meeting.  Upon learning she would be discharged, Plaintiff alleges Burke was "almost in tears and said – 'I understand now what makes employees go postal.'"  (<u>Id.</u> at 2-3.)

On February 11, 2011, USPS Inspectors contacted Plaintiff about Burke's statement.  (<u>Id.</u> at 3.)  They told Plaintiff that they were conducting an administrative investigation but anything criminal in nature would be prosecuted.  (Am. Compl. at 4.)  Burke was also interviewed twice.  (<u>Id.</u>, Ex. 1 at 4, 8.)  The night before Burke's first interview, Plaintiff's supervisor, Ken Dow, told Plaintiff he could not represent Burke during the interview.  (<u>Id.</u> at 4.)  But Plaintiff accompanied her to the meeting as her union steward anyway.  (<u>Id.</u>)  On the morning of the first meeting, Plaintiff alleges Vanicek would not let him represent Burke until speaking with the APWU President.  (<u>Id.</u>)  At the first meeting, Vanicek interviewed Burke and explained he would turn over his findings to management and they would make a determination regarding Burke's threats.  (<u>Id.</u> at 6.)

1    On March 2, 2011, the morning of Burke's second interview, Burke called Plaintiff to

2  explain the APWU had replaced him with another steward, despite her objections.  (Id. at 8.)

3    While Plaintiff initially asserted Burke's due process rights, Plaintiff submitted an

4  amended complaint claiming his own due process rights were violated when he was barred from

5  representing Burke.  (See id., Ex. 1 at 1.)

6                                  **Discussion**

7  A.  Sovereign Immunity

8    Defendants assert Plaintiff's claims against USPS and Donahue are barred by sovereign

9  immunity.  The Court agrees.

10   A suit against a government agency or officials acting in their official capacity is

11 considered a suit against the United States.  Sierra Club v. Whitman, 268 F.3d 898, 901 (9th Cir.

12 2001).  The United States is immune from lawsuit unless it has unequivocally waived its

13 immunity.  Balser v. Dep't of Justice, 327 F.3d 903, 907 (9th Cir. 2003).  Plaintiff bears the

14 burden of establishing the United States consents to be sued.  Cato v. United States, 70 F.3d

15 1103, 1107 (9th Cir. 1995).  Otherwise, a court lacks subject matter jurisdiction over claims

16 against the United States.  Balser, 327 F.3d at 907.

17   Here, Plaintiff has not shown the United States consents to be sued.  Plaintiff refers to a

18 variety of statutes but none waive sovereign immunity or confer subject matter jurisdiction.

19   First, Plaintiff cites the Postal Reorganization Act ("PRA") and Federal Question

20 Jurisdiction as sources of jurisdiction.  39 U.S.C. § 409; 28 U.S.C. § 1331; (Dkt. No. 5 at 2-3.)

21 But the PRA only allows USPS to be sued when the law provides a private right of action and

22 does not create a private right of action itself.  See Currier v. Potter, 379 F.3d 716, 725 (9th Cir.

23 2004).

24

1   Second, Plaintiff cites 39 U.S.C. §1209 to confer jurisdiction over USPS.  (Dkt. No. 5 at

2   3.)  This statute pertains to USPS employees' right to be involved in labor organizations.  It does

3   not create a private cause of action or confer jurisdiction over USPS.

4   Third, Plaintiff cites the Declaratory Judgment Act.  28 U.S.C. § 2201; (Dkt. No. 5 at 3.)

5   This statute only provides an additional remedy in cases where jurisdiction is separately

6   established.  See Staacke v. U.S. Sec'y of Labor, 841 F.2d 278, 280 (9th Cir. 1988).  To obtain

7   declaratory relief in federal court, Plaintiff must have an independent basis for subject matter

8   jurisdiction.  See Stock Guaranty Nat'l Ins. Co v. Gates, 916 F.2d 508, 511 (9th Cir. 1989).

9   Fourth, Plaintiff cites the Administrative Procedure Act ("APA") to confer jurisdiction

10  over USPS.  5 U.S.C. § 702; Dkt. No. 5 at 23.  Under the PRA, the Postal Service is exempt from

11  the APA's general mandate of judicial review over agency actions.  39 U.S.C. § 410(a); see

12  Currier, 379 F.3d at 725.

13  Fifth, Plaintiff cites 42 U.S.C. § 1983 to confer subject matter jurisdiction over Donahue

14  but that statute only applies to officials acting under the color of state law.  Lugar v. Edmondson

15  Oil Co., 457 U.S. 922, 931 (1982); (Dkt. 5 at 2.)  Since Donahue works for a federal agency, §

16  1983 does not confer jurisdiction over Donahue.

17  Plaintiff has not established the United States consented to suit.  The Court GRANTS

18  Defendants' motion to dismiss because Plaintiff's claims against USPS and Donahue are barred

19  by sovereign immunity.

20  B.  Qualified Immunity

21  Defendants assert Plaintiff's Bivens claims against Vanicek are barred by qualified

22  immunity.  The Court agrees.

23

24

ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS- 4

Government officials are protected "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, ---, 129 S.Ct. 808, 816 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  To determine whether qualified immunity applies, courts may use their discretion in applying one or both steps in a two-step analysis. Pearson v. Callahan, 129 S.Ct. at 818.  The two steps consider whether the plaintiff alleges a violation of a constitutional right and/or whether the right was clearly established at the time of the alleged misconduct. Id. at 815-16.  For a right to be clearly established the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987).

Here, Plaintiff's claims against Vanicek are barred by qualified immunity because he fails to allege a violation of any clearly established constitutional right.  The only constitutional provision Plaintiff cites is the Fourteenth Amendment.  (Am. Compl. at 24.)  But the Fourteenth Amendment applies to state actions and Vanicek conducted an administrative inquiry under federal law. See District of Columbia v. Carter, 409 U.S. 418, 424 (1973).  To the extent Plaintiff refers to his Miranda rights, Miranda rights only apply when an individual is in custody. (See Am. Compl. at 5-6.)  Because Plaintiff fails to allege a clearly established right was violated his claims against Vanicek are barred by qualified immunity.

The Court GRANTS Defendants' motion to dismiss because Plaintiff's claims against Vanicek are barred by qualified immunity.

1

**Conclusion**

2      The Court GRANTS Defendants' motion to dismiss Plaintiff's claims against the

3  Defendants on the basis of sovereign immunity and qualified immunity.  Defendants' motion to

4  stay discovery is moot.

5      The clerk is ordered to provide copies of this order to all counsel.

6      Dated this 18th day of July, 2011.

7

8

9      _____

10     Marsha J. Pechman
       United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS- 6