UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LANCE P. MCDERMOTT,<br><br>           Plaintiff,<br><br>   v.<br><br>PATRICK R. DONAHUE, Postmaster General, U.S. Postal Service, et. al.,<br><br>           Defendant. | CASE NO. C11-311 MJP<br><br>ORDER DENYING RELIEF PENDING APPEAL |

This matter comes before the Court on Plaintiffs' motion for relief pending appeal under Rule 62.1. (Dkt. No. 24.) Having reviewed the motion, the Court DENIES Plaintiffs' motion for relief.

**Background**

Plaintiff Lance P. McDermott ("McDermott") is a pro se litigant who sued Defendant Patrick R. Donahue, the Postmaster General of the United States Postal Service ("USPS"). McDermott alleged his due process rights were violated when USPS officials barred him from representing a fellow USPS employee, Brenda Burke in meetings with USPS. Burke was being

1 investigated for potentially threatening statements she made when she was effectively
2 discharged.  Burke was a member of the American Postal Workers Union ("APWU") and
3 McDermott was her "maintenance steward."  In July 2011, the Court dismissed McDermott's
4 claims due to sovereign immunity and qualified immunity.  McDermott filed a motion for
5 reconsideration, which the Court denied.   Now, McDermott seeks relief under Rule 62.1
6 pending appeal.

**Discussion**

8      Under Rule 62.1, if a timely motion is made for relief that the court lacks authority to
9 grant because of an appeal, the court may (1) defer considering the motion; (2) deny the motion;
10 or (3) state either that it would grant the motion if the court of appeals remands or that the
11 motion raises a substantial issue.  Fed. R. Civ. P. 62.1.

12      Here, the relief McDermott seeks appears to be reconsideration of the Court's order
13 dismissing the action based on sovereign and qualified immunity.  The issues McDermott raises,
14 however, are not new.  McDermott raised them in his earlier (and timely) motion for
15 reconsideration.  As previously stated, the Court finds "the United States did not waive its
16 sovereign immunity.  While private individuals may sue for constitutional violations under
17 Bivens, the Court held Plaintiff's Bivens claims were barred by qualified immunity." (Dkt. No.
18 22 at 3.)

19      McDermott's only new argument for reconsideration relies on an order in a completely
20 separate action.  Specifically, McDermott argues Judge Robart's order in In re United States
21 Postal Service Privacy Act Litigation proves that sovereign immunity should not apply.  The
22 Court finds the argument misplaced for two reasons.  First, In re USPS is factually and legally
23 unrelated to McDermott's claims here.  In In re USPS, the plaintiffs sought to certify a class
24

involving 800,000 USPS employees for allegedly disclosing the names and addresses of its employees to private businesses for the purpose of co-branding marketing. (MD08-1937 JLR (W.D. Wa. 2009)). Here, McDermott is also a plaintiff but is suing USPS alleging his due process rights were violated when he was barred from assisting another Postal Service employee in employment proceedings. These claims are not the same and issues of sovereign immunity may differ. Second, and more importantly, the court in <u>In re USPS</u> held sovereign immunity <u>did</u> bar the putative class's claims and dismissed for lack of subject matter jurisdiction. (<u>Id.</u>, Dkt. No. 33 at 8.) Since McDermott provides no basis for granting relief pending appeal, the Court DENIES his motion.

## Conclusion

Plaintiff's motion for relief is effectively a motion for reconsideration. Since McDermott merely repeats arguments already presented, the Court DENIES Plaintiff's motion for relief pending appeal. The Court will consider Plaintiff's claims only if the Ninth Circuit determines this Court reached its decision in error. The clerk is ordered to provide copies of this order to all counsel.

Dated this 25th day of June, 2012.

Marsha J. Pechman
United States District Judge